UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA LESLIE, REBEKAH LEE
KEELEY, PAMELA JEAN BLAKE,
ELIZABETH ANN KAPUS & JASON
LEWANDOWSKI,

    Plaintiffs,

v.

MICHIGAN BELL TELEPHONE
COMPANY d/b/a AT&T MICHIGAN,

    Defendant.
_____/

Case No. 15-11205

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION [39]**

Defendant moves for partial reconsideration of the Court's August 9, 2016 order denying summary judgment. For the reasons stated below, the Court DENIES Defendant's motion.

**I.    Background**

Plaintiffs previously worked as service representatives in Defendant's call center. On March 30, 2015, Plaintiffs filed suit against Defendant, alleging that Defendant unlawfully retaliated against them in violation of the Family and Medical Leave Act (FMLA) and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA). On August 9, 2016, this Court denied Defendant's motion for summary judgment as to Plaintiffs' FMLA and PWDCRA claims, finding that genuine issues of material fact precluded summary judgment.

(Dkt. 36.)  Defendant now seeks reconsideration of the Court's order as to two Plaintiffs: Pamela Jean Blake and Jason Lewandowski.

## II. Standard

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may move for reconsideration of an order within fourteen days of the order's issuance.  For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the court and the parties ... have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L. R. 7.1(h).  A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication."  *Id.*

## III. Analysis

Defendant argues that the Court's opinion contains three "palpable outcome-determinative defects," which, if corrected, would compel summary judgment in Defendant's favor.  (Dkt. 39, at 3-4.)  First, Defendant claims that the Court cited insufficient evidence to demonstrate "a genuine issue of fact that [Blake] was subjected to intolerable working conditions from a subjective or objective perspective."  (*Id.* at 5.)

Second, Defendant claims that the Court cited insufficient evidence to demonstrate "a genuine issue of fact as to whether [Lewandowski] was subject to intolerable working conditions from a subjective or objective perspective."  (*Id.* at 11.)  Finally, Defendant claims that the Court cited insufficient evidence to demonstrate a genuine issue of fact as to Defendant's intent that Blake and Lewandoski resign based on a retaliatory or discriminatory motive.  (*Id.* at 18.)

The Court finds Defendant's arguments unavailing. In a motion for reconsideration, "the fact that the defendant does not believe the Court gave [] evidence sufficient consideration does not rise to the level of a palpable defect." *Jones v. Mathai*, 2010 WL 4921558, at *3 (E.D. Mich. Nov. 29, 2010.) All three alleged defects here relate exclusively to the Court's weighing of the evidence. Indeed, each of Defendant's arguments proposes either that: the Court incorrectly weighed evidence; it "overlooked" contradictory evidence, "improperly view[ing] [] allegations in isolation"; or it ignored evidence that "overshadows" the Plaintiffs' allegations. (Dkt. 39, at 3.) This attempted relitigation of old issues does not warrant relief under Rule 7.1, and Defendant has not introduced new facts or law that would compel a different result. Accordingly, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: September 21, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2016, by electronic and/or ordinary mail.

                s/Carol J. Bethel

Case Manager